IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**JOHN SMART, an individual,**

      Plaintiff,

v.                                                                No. CIV 01-193 BB/WWD

**SUNSHINE POTATO FLAKES, L.L.C.,** a Colorado limited liability company,

      Defendant.

### MEMORANDUM OPINION
### AND
### ORDER GRANTING REMAND

**THIS MATTER** is before the Court on Defendant's Motion To Remand, and the Court having reviewed all briefs and submissions of counsel and entertained oral argument on April 30, 2001, FINDS the motion well supported and it will be Granted.

*Discussion*

Plaintiff and Defendant were parties to an American Arbitration Association proceeding in Albuquerque, New Mexico. The arbitrator entered and served his award on February 2, 2001. Plaintiff, who was the respondent in the above-referenced arbitration proceeding, commenced a state court action in the District Court of Grand Forks County, North Dakota, and moved to vacate the arbitration award. On February 15, 2001, Sunshine filed a notice of removal of the state case to this Court.

**Sunshine recited two federal statutes, 9 U.S.C. § 9 and § 205 as its exclusive basis for removal jurisdiction.  At oral argument on the remand motion, defense counsel conceded that these statutes could not support removal jurisdiction.  *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883 (9th Cir. 1993).  However, at the oral argument, Defendant argued diversity existed and would support removal.**

**The removal statute, 28 U.S.C. § 1446, requires "a short and plain statement of the grounds for removal."  Defendant's notice contained an improper ground, arbitration aware as federal question, and did  not mention diversity.  Thus, it fails to state a proper ground for removal.  A notice of removal which fails to recite the necessary elements of federal jurisdiction is legally insufficient.  *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994); *Whiddon Farms, Inc. v. Delta & Pine Land Co.*, 103 F. Supp. 2d 1310, 1312-13 (S.D. Ala. 2000).  While a petition may be amended prior to the thirty-day period in which removal is permissible,[1] completely new grounds for federal jurisdiction may not be added.  *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574 (S.D. Miss. 2000); *Briarpatch Ltd. L.P. v. Pate*, 81 F. Supp. 2d 509 (S.D.N.Y. 2000).  Indeed, Defendant failed to amend it's removal petition within thirty days, or at all.[2]**

---

[1] *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162 (5th Cir. 1989), *cert. denied*, 495 U.S. 946 (1990); *Schepis v. Local Union No. 17, United Brotherhood of Carpenters & Joiners of Am.*, 989 F. Supp. 511 (S.D.N.Y. 1998).

[2] Since no viable basis for removal was evident in the Petition, the Court scheduled oral argument to determine Defendant's basis for removal.  Diversity was first articulated as a basis for

Such a defective petition may not be amended after the thirty-day removal period. *Nasco, Inc. v. Norsworthy*, 785 F. Supp. 707, 709 (M.D. Tenn. 1992); *Barnhill v. Insurance Co. of North Am.*, 130 F.R.D. 46, 49-51 (D.S.C. 1990).

## O R D E R

For the above stated reasons, the Motion To Remand is GRANTED, and this case is returned to the District Court for Grand Forks County, North Dakota,

Dated at Albuquerque this 2d day of May, 2001.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　BRUCE D. BLACK
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**Counsel for Plaintiff:**
　　Rebecca C. Branch, Albuquerque, NM
　　William E. McKechnie, Grand Forks, ND

**Counsel for Defendant:**
　　Gordon H. Rowe III, Albuquerque, NM

---

removal at oral argument. No amended Petition was ever filed.